UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20228-CR-MOORE/SIMONTON

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**ULISES CAO,**

    Defendant.
_____/

## ORDER

Presently pending before the Court is the Government's Motion *in Limine* with respect to six trial issues (DE # 46). This motion is referred to the undersigned Magistrate Judge (DE # 34). A hearing was held on June 23, 2008, at which time the Court orally ruled on each of the issues set forth in the motion. This Order sets forth those rulings, and incorporates by reference the reasons stated on the record.

    I.    **BACKGROUND**

Defendant Cao initially was arrested on these charges on September 5, 2007, and charged by Complaint along with seven co-defendants. However, he was not ultimately indicted in that case.[1] The seven co-defendants were indicted on September 18, 2007

---

[1] The timing of his arrest and indictment and references thereto, as compared to that of his co-conspirators, is the subject of one of the six issues raised in the present Motion in Limine. At the hearing, defense counsel represented to the court, without contradiction, that defendant Cao had been arrested with the other co-conspirators, and released on bond; but that he was not indicted with the others. A review of the docket sheet in that case (Case No. 07-3136-mj-WHITE, merged into 07-20756-CR-WPD), however, reflects that a Complaint naming defendant CAO was filed, but does not reflect that he was in fact charged in that case–he is not listed on the docket sheet, and no bond information is entered. Possibly he was charged initially in the Complaint and the government verbally dismissed the charges as to him at the time of initial appearance. These unclear facts are not material to the ultimate disposition of this motion, however.

(Case No. 07-20756-CR-WPD: DE # 49).  Subsequently, defendant Cao was charged by Complaint on February 7, 2008 (DE # 1), and was released on bond on March 10, 2008 (DE ## 6,7).  He was indicted on March 25, 2008 (DE # 12).  Thereafter, the court ordered the issuance of a warrant for the arrest of defendant Cao based upon allegations that he failed to report to pretrial services on March 12, 2008, as instructed by his pretrial services officer and that his whereabouts were unknown (DE # 9), and that he failed to appear for his arraignment on March 28, 2008 (DE # 14).  The presently operative Superseding Indictment was filed on April 8, 2008, charging Defendant Cao with conspiring and attempting to possess five kilograms or more of a substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841 and 846 (Counts 1 and 2); conspiring and attempting to commit robbery in violation of 18 U.S.C. § 1951 (Counts 3 and 4); conspiring to carry and carrying a firearm in relation to a crime of violence and a drug trafficking crime in violation of 18 U.S.C. § 924 (Counts 5-6); and failing to appear before a court as required by the conditions of his release in violation of 18 U.S.C. § 3146 (Count 7).  The Superseding Indictment contains a forfeiture charge as to Counts 1-6 (DE # 21).  The bond jumping charge added in the Superseding Indictment (Count 7) is based upon the aforementioned failure of the Defendant to appear in court as required. (DE # 14).

## II. THE GOVERNMENT'S MOTION IN LIMINE

The Government filed the instant motion requesting that the Court enter an Order with respect to six separate issues, each of which is discussed below.

### 1.  Potential Punishment

The government seeks entry of an Order precluding the defendant from raising his potential punishment at any stage of the trial.  The defendant agrees that he will not

refer to his own potential sentence; and both parties agree that the defendant is permitted to inquire into the potential punishment faced by alleged co-conspirators who are testifying on behalf of the government.

    2.    <u>Defendant's Lack of Prior Criminal Record</u>

The government seeks an order which precludes the defendant from referring to his lack of criminal record at any stage of the trial.  The defendant agrees that he will not refer to his lack of criminal record; except that both parties agree that if the government is permitted to introduce evidence of other alleged criminal activity on the part of the defendant, the defendant will be permitted to elicit testimony that he has not been arrested or convicted of the alleged other criminal activity.

    3.    <u>The Timing of Defendant's Indictment</u>

The government seeks an order which precludes the defendant from informing the jury that the government did not indict him originally with his seven co-conspirators. The defendant agrees that he will not argue or ask the jury to infer his innocence based upon the fact that he was not indicted at the same time as his co-conspirators, and that the charges for which he was originally arrested with them were not brought until several months later.  However, the government seeks an order that prohibits defense counsel from questioning the cooperating co-conspirators with respect to any facts regarding the date of defendant Cao's indictment or the fact that defendant Cao had not been charged at the time they agreed to cooperate with the government.  The government's concern is that even if the defendant does not argue an inference of innocence from this timing, the jury may nevertheless draw an inference of innocence from these facts.  Defense counsel, on the other hand, argues that he must be free to elicit all facts regarding the co-conspirator witnesses' decisions to cooperate and

implicate defendant Cao, and that he will be unduly restricted if he cannot elicit facts regarding the timing of their decision, and whether they were influenced by the fact that Cao had not yet been charged, including, for example, whether they believed that providing incriminating evidence regarding an uncharged defendant might be more valuable to the government, thus providing them with the incentive to falsely implicate an innocent person.  The government was not prepared to proffer what testimony their witnesses might give regarding the impact of this timing, or Cao's status, on their plea agreements or decision to provide information regarding him to the government.  It is also not clear whether the witnesses who will testify at trial will include cooperating witnesses who provided information about defendant Cao before he was charged.

Therefore, at the present time, the motion in limine is granted to the extent that defense counsel may not argue an inference of innocence to the jury based upon the timing of his indictment.  It is denied, without prejudice, to the extent that the government seeks to restrict the cross-examination of unidentified and as-yet uncalled witnesses.

    4.    <u>**Post-Arrest Statements Made By the Defendant or Co-Conspirators**</u>

The government seeks an order precluding the defendant from eliciting any post-arrest exculpatory hearsay statements made by the defendant or his co-conspirators. The parties agree that the defendant is not permitted to introduce his own exculpatory statements without subjecting himself to cross-examination.  *United States v. Cunningham*, 194 F.3d 1186 (11th Cir. 1999).  The parties also agree that the defendant is not permitted to elicit testimony regarding such post-arrest statements made by co-conspirators, unless for purposes of impeachment, including impeachment permitted by Federal Rule of Evidence 806, which provides that if the government introduces the

statement of a co-conspirator pursuant to Federal Rule of Evidence 801(d)(2)(E), the defendant can introduce impeachment evidence just as if the co-conspirator had testified.

     5.     <u>**Evidence of an Informant's Sexual Activity**</u>

The government seeks an order precluding the defendant from eliciting underlying facts and details about the confidential informant in this matter having sexual intercourse with the daughter of a defendant in a separate matter. The defendant agrees that this conduct is not relevant in the case at bar, unless there is evidence that the defendant lied about this activity to a government agent. Defense counsel stated that he had no such information at the present time. The government agreed that it had no such information, but that if it discovered that the informant had lied about this, it would provide that information to the defendant. This order therefore does not cover the admissibility of untruthfulness about that misconduct since the existence and circumstances of that misconduct are not presently known.

     6.     <u>**Severance of the Bond Jumping Count**</u>

The government seeks an order that the Court will not sever Count 7, which charges the defendant with failure to appear, in violation of 18 U.S.C. § 3146, from the remaining counts of the Indictment. The defendant objects to the Court ruling on this issue at the present time since no motion for severance has been filed, and the defendant is in the process of conducting legal research to determine whether such a motion will be filed. The undersigned notes that, as argued by the government, joinder of the bond jumping count with the underlying offense appears permissible under the following rationale expressed by the Eleventh Circuit Court of Appeals in *United States v. Gabay*, 923 F.2d 1536, 1539-40 (11th Cir. 1991):

Under Rule 13 of the Fed.R.Crim.P., the trial court may order two indictments tried together if the two offenses could have been joined in a single indictment. Whether substantive and bond jumping offenses may be joined is a question of first impression in this circuit. Those circuits which have addressed the question have held that those charges may be joined for trial under the proper circumstances. United States v. Peoples, 748 F.2d 934 (4th Cir.1984), cert. denied, 471 U.S. 1067, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985); United States v. Ritch, 583 F.2d 1179 (1st Cir.), cert. denied, 439 U.S. 970, 99 S.Ct. 463, 58 L.Ed.2d 430 (1978); United States v. Bourassa, 411 F.2d 69 (10th Cir.), cert. denied, 396 U.S. 915, 90 S.Ct. 235, 24 L.Ed.2d 192 (1969). We agree with these circuits, and find that joinder of Gabay's counterfeiting and bond jumping indictments was permissible under the circumstances of this case.

This court undertakes a two-step inquiry to determine whether separate charges were properly tried at the same time. First, the government must demonstrate that the initial joinder of the offenses was proper under Fed.R.Crim.P. 8. Next, we must determine whether the trial court abused its discretion by refusing to order a severance under Fed.R.Crim.P. 14. United States v. Montes-Cardenas, 746 F.2d 771, 776 (11th Cir.1984).

Offenses may be joined if they are based on "two or more acts or transactions connected together or constituting part of a common scheme or plan." (Fed.R.Crim.P. 8(a)). Bond jumping and the underlying offense are "connected together" if they are related in time, the motive for flight was avoidance of prosecution of the underlying offense, and custody derived directly from the underlying offense. Ritch, 583 F.2d at 1181. Gabay absconded soon after his arrest for counterfeiting, the counterfeiting led directly to his custody, and by his own admissions (made in a videotape left behind for the court), his motive for flight was directly related to his impending prosecution for counterfeiting.

Gabay argues that while substantive offenses and flight offenses may be joined under some circumstances, severance was warranted in this case based upon Rule 14 considerations. He also argues that joinder of the substantive and flight offenses was unduly prejudicial.

Unfair prejudice does not result when two offenses are joined if evidence admissible to prove each offense is also admissible to prove the other offense. Peoples, 748 F.2d at 936. Gabay fails to establish unfair prejudice since evidence of flight is admissible to prove guilty conscience and evidence of the counterfeiting is admissible to prove the motive for the flight. *Id.*

The case at bar is strikingly similar to *Gabay*. However, since the defendant in the case at bar has not yet sought a severance, however, the undersigned defers ruling on

6

this issue.

Therefore, for the reasons stated above, and on the record at the hearing, it is hereby

**ORDERED AND ADJUDGED** that the Government's Motion *In Limine* is **GRANTED IN PART, AND DENIED IN PART**, as set forth above.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of June, 2008.

_____
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

**Copies to:**
   The Honorable K. Michael Moore, United States District Judge
   All counsel of record via CM/ECF